UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITE COAT WASTE PROJECT,<br><br>  Plaintiff,<br><br>    v.<br><br>RANDY CLARKE,<br><br>  Defendant. | Civ. No. 23-cv-1866 |

**Plaintiff White Coat Waste Project's Motion for Leave to File Amended Complaint**

Plaintiff White Coat Waste Project, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 7(i), moves this Court for leave to amend its Complaint to add allegations to support its First, Fifth, and Fourteenth Amendment claims against Defendant Randy Clarke over Washington Area Metropolitan Transit Authority's Commercial Advertising Policy Guidelines 13 and 14.

Attached as Exhibit A is White Coat's proposed Amended Complaint. Exhibit B shows in redline White Coat's revisions to the original Complaint.

Counsel for White Coat conferred with Counsel for Defendant Clarke pursuant to Local Civil Rule 7(m). Counsel for Defendant Clarke represented that he opposes the motion.

1

## Background

White Coat Waste Project initially brought this action against the Washington Area Metropolitan Transit Authority, commonly known as WMATA, and its then-interim General Manager in his official capacity. White Coat brought two causes of action related to WMATA denying White Coat access to its advertising forum for three advertisements White Coat sought to run. Those causes of action challenged three prohibitions in WMATA's Commercial Advertising Guidelines: i) Guideline 9, prohibiting ads "intended to influence members of the public regarding an issue on which there are varying opinions;" ii) Guideline 13, prohibiting ads "that support or oppose an industry position or industry goal without any direct commercial benefit to the advertiser;" and Guideline 14, prohibiting ads "that are intended to influence public policy."

White Coat's first cause of action alleged a violation of the First Amendment. That cause of action challenged each of the three guidelines under two different First Amendment theories. White Coat's first theory under the First Amendment was that each Guideline was viewpoint discriminatory, both on its face and as-applied to White Coat's ads. The second theory under the First Amendment was that each Guideline was incapable of reasoned application. White Coat's second cause of action alleged a Fifth and Fourteenth Amendment violation based on the vagueness of each of the three Guidelines.

White Coat filed its Complaint in October 2023.

Both WMATA and its new General Manager—substituted as a Defendant under Rule 25(d) of the Federal Rules of Civil Procedure—moved to dismiss White Coat's Complaint. ECF No. 10. They argued WMATA itself has sovereign immunity from suit and that White Coat failed to state a claim under either the First, Fifth, or Fourteenth Amendments. They argued each of the Guidelines was viewpoint neutral. They argued that the First Amendment incapable-of-reasoned-application theory failed for two reasons: the Guidelines distinguish between commercial and noncommercial speech and because "the Complaint's allegations that the Guidelines are not capable of reasoned explanation lack supporting factual content." *Id.* at 21–22. And they similarly argued that the Fifth and Fourteenth Amendment vagueness claim "does not allege any facts that would support a conclusion that any of the Guidelines" are vague. *Id.* at 23.

This Court largely agreed. ECF No. 19. It granted the motion to dismiss as to WMATA, finding it had sovereign immunity. *Id.* at 6–9. It granted the motion to dismiss as to White Coat's First Amendment viewpoint discrimination theory, finding each of the three Guidelines is viewpoint neutral. *Id.* at 10–16. It granted the motion to dismiss White Coat's First Amendment incapable-of-reasoned-application theory as to Guidelines 13 and 14 because they "facially provide a workable standard, and the Complaint contains no non-conclusory allegations that would suggest that they are enforced in an arbitrary and inconsistent manner." *Id.* at 23. And it granted the motion to dismiss White Coat's Fifth and Fourteenth

Amendment vagueness claim as to Guidelines 13 and 14 for the same reasons it dismissed the First Amendment claims as to those Guidelines. *Id.* at 24–25.

Each claim the Court dismissed it dismissed without prejudice. ECF No 18.

The parties then submitted a Joint Report Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3 proposing an April 8, 2024 deadline for amending the complaint. ECF No. 21 at 3. The Court then issued a scheduling order requiring, "Plaintiff shall file any motion for leave to amend its complaint by April 8, 2024[.]" ECF No. 24 at 1.

Because the Court's dismissal of White Coat's claims was without prejudice, White Coat now seeks to amend its Complaint to cure some of the deficiencies the Court relied on in dismissing them.

White Coat's proposed Amended Complaint does not seek to cure the dismissal of WMATA; it proceeds against WMATA's General Manager Defendant Randy Clarke as the sole Defendant. It does not seek to reassert White Coat's distinct viewpoint discrimination theory under the First Amendment, either.

White Coat does seek to reassert its First Amendment claim under the incapable-of-reasoned-application theory as to Guidelines 13 and 14 by adding the "non-conclusory allegations that would suggest that they are enforced in an arbitrary and inconsistent manner" that the Court found lacking in the original Complaint. ECF No. 19 at 23. It does the same for its Fifth and Fourteenth Amendment vagueness claims as to Guidelines 13 and 14, too. It does so by adding allegations about a variety of advertisements that WMATA has either run or

4

rejected since it revised its Commercial Advertising Policy in 2015. It also includes allegations about how some advertising in WMATA's system can completely evade WMATA's Commercial Advertising Policy and its various Guidelines challenged here: either by finding a government actor to approve the message in the advertisement or by locating advertising opportunities within WMATA's subway stations that WMATA supposedly does not control.

WMATA informed White Coat that it opposes White Coat's motion to amend but did not elaborate on the basis of its opposition.

## Legal Standard

A plaintiff may amend its complaint once as a matter of course within 21 days of serving it or within 21 days of being served a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1)(B). Otherwise, it must seek consent from the defendant or leave from the Court. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. In deciding whether to grant leave to file an amended complaint, the Court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Furthermore, under Rule 15, "the non-movant generally carries the burden in

persuading the court to deny leave to amend." *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004).

## Argument

The Court should allow White Coat leave to file its amended complaint because White Coat has not unduly delayed seeking leave to file it, it has no bad faith or dilatory motive in filing it, there are no repeated failures to cure deficiencies, no undue prejudice to Defendant Clark, and amendment is not futile. *Foman*, 371 U.S. at 182.

White Coat has not unduly delayed in seeking to file its amended complaint. This Court dismissed claims in White Coat's original complaint on January 5, 2024. (ECF Nos. 18 & 19.) The parties proposed and the Court's scheduling order ordered White Coat seek leave to file its amended complaint by April 8, 2024. (ECF Nos. 21 at 3 & 24 at 1.) White Coat seeks leave to amend consistent with the parties' proposal and the Court's scheduling order.

White Coat has no bad faith or dilatory motive in seeking to amend its Complaint. Its motive is simply to cure those deficiencies the Court found with the original Complaint that White Coat believed it could cure with additional allegations. It's not dilatory, either; again White Coat seeks to amend within the time the parties agreed to and the Court provided for in its scheduling order.

There are no repeated failures to cure deficiencies by amendments previously allowed because this is the first amendment White Coat seeks.

6

Amendment does not unduly prejudice Defendant Clarke. This case is still in an early procedural stage. The deadline for the parties to exchange initial disclosures is not for another two weeks. *Cf. Heller v. Dist. of Columbia*, 290 F.R.D. 1, 4 (D.D.C. 2013) ("A case's position along the litigation path proves particularly important in [the prejudice] inquiry: the further the case has progressed, the more likely the opposing party is to have relied on the unamended pleadings."). Defendant Clarke has not been "denied the opportunity to present facts or evidence which would have been offered had the amendment been timely, which is the paradigmatic form of prejudice." *Alston v. Cap. One Bank*, 2021 U.S. Dist. LEXIS 254787, 2021 WL 7208901, at *1 (D.D.C. Oct. 27, 2021) (cleaned up). And White Coat does not seek to add any new Defendants to this litigation. *Johnson v. Dist. of Columbia*, 244 F.R.D. 1, 6 (D.D.C. 2007), *aff'd in part*, 552 F.3d 806 (D.C. Cir. 2008) (noting that "reinstating dismissed defendants . . . who have been substantially involved with the litigation in the past" is less likely to cause prejudice than "naming wholly new defendants").

That leaves futility. In this Circuit, amendment is futile "if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). White Coat believes the facts in the proposed Amended Complaint include "non-conclusory allegations that would suggest that [the challenged Guidelines] are enforced in an arbitrary and inconsistent manner," and that should at least allow White Coat discovery on other applications of the challenged Guidelines. ECF No. 19 at 23. Perhaps Defendant

7

Clarke disagrees. And perhaps he seeks to squeeze that argument into an opposition to this motion, with his Rule 12 burden nested within his Rule 15 burden. White Coat supposes that is Defendant Clarke's prerogative but suggests that argument is better left to full briefing on a motion to dismiss the Amended Complaint, where both the Court and the parties will have the benefit of full briefing on the issue. *Cf. Black Lives Matter D.C. v. Trump*, 2024 U.S. Dist. LEXIS 43911, 2024 WL 1091730, at *6 (D.D.C. Mar. 13, 2024) (granting leave to amend but deferring determination of futility for failure to state a claim to "the motion to dismiss stage, with the benefit of full briefing"). For now, both because White Coat does not yet know Defendant Clarke's futility or failure-to-state-a-claim arguments (if any) for the proposed Amended Complaint and because Defendant Clarke bears the burden under both Rule 15 and Rule 12(b)(6), White Coat cannot anticipate and rebut those arguments on its motion to amend the complaint.

## Conclusion

Leave to amend should be "freely give[n]" when "justice so requires." *See* Fed. R. Civ. P. 15(a)(2). In light of such standard, the Court should grant White Coat leave to file its Amended Complaint.

Date: April 8, 2024  Respectfully submitted,

<u>/s/ Matthew Strugar</u>
Matthew Strugar (D.C. Bar No. 1010198)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
323-696-2299
matthew@matthewstrugar.com

Vanessa Shakib (D.C. Bar No. 1753580)
Advancing Law for Animals
409 N. Pacific Coast Highway, #267
Redondo Beach, CA 90277
202-996-8389
vshakib@advancinglawforanimals.org